Bradley P. Hartman (#017263)
John D. Titus (#012912)
**HARTMAN TITUS PLC**
3507 N. Central Ave., Suite 101
Phoenix, AZ 85012-2121
Phone: (602) 235-0500
Email: bhartman@hartmantitus.com
       jtitus@hartmantitus.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Proofpoint, Inc., a Delaware corporation, and Wombat Security Technologies, Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Facebook, Inc., a Delaware corporation, and Instagram, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:21-cv-00226-DWL<br><br>**MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS** |

Pursuant to Rule 4(m), Fed. R. Civ. Pro., Plaintiffs Proofpoint, Inc., and Wombat Security Technologies, Inc. (collectively, "Proofpoint") respectfully request a 90-day extension of the deadline for formally serving the Complaint in this matter on Defendants. There is good cause for an extension, and it would be in the interests of justice and judicial economy to grant the extension. In support of this Motion, Proofpoint submits the following:

1.   Immediately following the filing of this lawsuit, Defendants were given actual notice of it, and the parties began engaging in discussions of their competing rights and arguments, in an effort to settle the dispute without the need for judicial resolution. Those

1

settlement discussions have been repeated, ongoing and productive, and the issues have been narrowed. Nevertheless, the parties have not yet concluded their negotiations.

2. Defendants would not be prejudiced by the requested extension because the status quo has existed for years, and the extension would merely maintain the long-standing posture between the parties for a limited period of time. It should be noted that the Defendants are customers of Proofpoint, so the parties have especially good reason to resolve this dispute amicably.

3. Proofpoint would be severely prejudiced by dismissal of the Complaint because these proceedings stay the immediate and wholesale transfer of the disputed domain names, which Proofpoint and its customers are using solely for educational purposes. Those domain names are included in training modules that are designed to teach third-party corporate employees to recognize phishing attempts and dangerous malware by bad actors who use domain names similar to the names of Defendants to trick the public. Dismissal of the complaint before the parties agree on the terms of their respective usage of those domain names could force Proofpoint to cease those modules immediately and create a situation where customers' security training programs would be interrupted with faulty domain names.

4. The deadline for serving the Complaint is May 10, 2021, so it has not yet passed. Proofpoint believes all remaining issues can and will be resolved within 90 days, and is committed to seeing that happen.

5. For these reasons, Proofpoint submits that an extension of ninety (90) days to serve the Complaint, through August 8, 2021, would be in the interests of justice and judicial economy. The grant of the extension would not prejudice Defendants, but denial of the extension would immediately and severely prejudice Proofpoint.

A proposed order is submitted herewith.

. . . .

. . . .

. . . .

. . . .

1 | RESPECTFULLY SUBMITTED this 3rd day of May, 2021.

**HARTMAN TITUS PLC**

By: /s/ Bradley P. Hartman
Bradley P. Hartman
John D. Titus
3507 N. Central Ave., Suite 101
Phoenix, Arizona 85012-2121

**PATTISHALL McAULIFFE NEWBURY HILLIARD & GERALDSON, LLP**
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606

*Attorneys for Plaintiffs*